JONES, Justice.
This appeal by Earnie Hubbard, plaintiff below, questions the correctness of the trial Court’s order granting motion for summary judgment in favor of Jerome Cutts.
The issue here presented is a narrow one. Hubbard’s complaint purports to assert a third-party claim for personal injury while employed by A-l Welding Company on May 18, 1973, under Title 26, § 312, Code, against Cutts as the employer’s chief executive officer.[1]
The motion for summary judgment alleges that Hubbard was injured while employed by A-l Welding Company but that he filed a claim for workmen’s compensation benefits against Cutts d/b/a A-l Welding Company, which resulted in a consequent settlement adjudging Cutts d/b/a A-l Welding Company liable to Hubbard for such benefits in an amount agreed upon by the parties and approved by the court. Quite simply, then, we are asked to decide whether the trial Court erred in granting Cutts’ motion for summary judgment where there is neither averment nor direct proof by the movant party, Cutts, that he, as an individual, was the employer of Hubbard. We hold that it did; we reverse and remand.
*633 The only basis for summary judgment sought to be raised by Cutts was the immunity provisions of the Workmen’s Compensation Act (§ 272). If Hubbard was the employee of Cutts at the time of his injury on May 18, 1973, Hubbard’s exclusive remedy, as far as Cutts is concerned, is under the provisions of Title 26, § 253 et seq. If, on the other hand, Cutts was an officer of A-l Welding Company, a corporate employer, Cutts is not covered by the immunity provisions of the Act and may be named as a defendant in a third-party suit under § 312.[2] Apart from the pleadings—plaintiff’s complaint and defendant’s motion for summary judgment— the only evidence before the trial Court was Hubbard’s deposition and the court file in the workmen’s compensation case.
The rule to follow was recently set out in Donald v. City National Bank of Dothan, 295 Ala. -, 329 So.2d 92 (1975): “[A]s noted in the last sentence of Rule 56(e), supra, summary judgment can still only be entered against [the nonmovant party] if ‘appropriate.’ That is, the mov-ant party must initially show the absence of a genuine issue of material fact.”
The movant, here, fails to meet this test in two particulars:
1. The motion for summary judgment conspicuously avoids a direct averment that Cutts was Hubbard’s employer at the time of the accident, and
2. Hubbard’s affidavit shows affirmatively that his employer was A-1 Welding Company, a corporation, with Cutts as its chief executive officer.
Definitively, and without need for speculation or doubt, Hubbard, at the time of his injury-producing accident, had but one specific employer—a fact which is highly susceptible to proof. There is absolutely no necessity for equivocation about this objective fact. Even without Hubbard’s testimony, Cutts, as the movant party, has not met the burden of initially showing the absence of a genuine issue of material fact.
Moreover, the following appears on pages 54-55 of Hubbard’s deposition (during the questioning by Cutts’ lawyer):
“Q. How long had you known Mr. Cutts before you went to work that day, I mean that week, rather ?
“A. All my life.
“Q. . . . You knew that he was the President or Agent or Stockholder; he was the boss, in other words ?
“A. Yes sir.
“Q. And you knew that he was doing business under a corporate name as A-l Welding Company?
“A. Yes sir.”
It is apparent by the leading nature of these questions that Cutts was conceding, rather than contesting, the fact that Hubbard’s employer was A-l Welding Company, a corporation.
REVERSED AND REMANDED.
All the Justices concur.

. For the purpose of clarity, it should be noted that since this accident occurred on May 18, 1973,. the validity vel non of the 1973 amendment to § 312 is not before us. (See Goodrich v. Butler, 56 Ala.App. 635, 324 So.2d 776, certiorari quashed, 295 Ala. -, 324 So.2d 788 (1975)). The parties concede that Cutts is subject to a third-party suit under this Court’s interpretation of § 312 (U. S. Fire Insurance Company v. McCormick, 286 Ala. 531, 243 So.2d 367 (1970)), in the event Cutts was not Hubbard’s employer at the time of the accident.

. The most recent amendment to § 312 (Act No. 86, 4th Extraordinary Session, 1975), includes the provision, “[N] either an officer, director, agent, servant or employee of the same employer . . . shall be considered a party other than the employer against whom such an action may be brought.” Our noting of this amendment is not to be construed as commenting on its validity.