This is an appeal from an order granting summary judgment in favor of Mapson's employer on the basis of the employer's immunity under Alabama's Workmen's Compensation Act. We affirm.
Under the stipulated facts, Montgomery White Trucks, Inc. sold a truck to J.R. Rutledge. Several months later, the truck was returned for repairs under warranty. Mapson, as an employee of Montgomery White, and "pursuant to his employment with said employer" was repairing the truck when it rolled over him, resulting in serious permanent injuries. Mapson collected workmen's compensation benefits.
Mapson brought suit against White Truck Manufacturing, Ltd., White Motor Corp., Montgomery White Trucks, Inc., and J.R. Rutledge, et al. The employer, Montgomery White, was granted summary judgment, and the trial court entered final judgment under ARCP 54 (b) as to that defendant.
Mapson, alleging that the accident resulted from a defective double-reduction switch, attempts recovery under the implied warranty of merchantability. Tit. 7A, §§ 2-314 and 2-318, Code of Ala. 1940 (1966). He strenuously urges adoption of the "dual-capacity doctrine." As explained by Professor Larson,
 "Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer." A. Larson, 2A The Law of Workmen's Compensation, § 72.80, p. 14-112 (1976).
Mapson contends that in the present situation, Montgomery White wears two hats: (1) that of employer and (2) that of a seller of goods to the public. It is in Montgomery White's capacity as a seller, thus subjecting it to the implied warranty of merchantability, that it is being sued.
This factual situation, however, does not afford us an opportunity to consider the merits of the "dual-capacity doctrine." Montgomery White did not undertake any special independent relationship toward Mapson other than that of employer-employee. Rather, it is from the very nature of Mapson's employment, which of necessity includes working on defective and damaged trucks, that the accident resulted. Cf. Kelly, "Workmen's Compensation and Employer *Page 973 
Suability: The Dual-Capacity Doctrine," 5 St. Mary's L.J. 818, 829 (1974).
It is to an employment-related accident that the Legislature has spoken, cloaking the employer with civil immunity. Tit. 26, § 272, Code of Ala. 1940 (Recomp. 1958). Accord, Paul Krebs Associates v. Matthews Fritts Construction Co., Inc.,356 So.2d 638 (Ala.Sup.Ct. 1978); Gunter v. United States Fidelity Guaranty Co., 340 So.2d 749 (Ala.Sup.Ct. 1976); ShermanConcrete Pipe Machinery, Inc. v. Gadsden Concrete Metal PipeCo., Inc., 335 So.2d 125 (Ala.Sup.Co. 1976); Hubbard v. Cutts,331 So.2d 632 (Ala.Sup.Ct. 1976).
Because Tit. 26, § 272 bars Mapson's recovery against this defendant, we pretermit discussion of the applicability of third-party beneficiary status and implied warranty of merchantability.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.