Leroy and Dorothy Adair appeal from a summary judgment granted Moretti-Harrah Marble Company, Inc. in a personal injury action. We affirm.
Leroy Adair suffered personal injuries in the performance of employment-related duties as an employee of Moretti-Harrah on February 27, 1975. He filed suit on May 23, 1975, seeking workmen's compensation benefits for his injuries. During discovery and the preparation for this trial it was learned that Moretti-Harrah was self-insured for the payment of workmen's compensation benefits and conducted its own safety program. Mr. and Mrs. Adair then filed a third party action against Moretti-Harrah in its capacity as insurer, alleging that the company had negligently, wantonly, recklessly or intentionally failed to maintain an adequate safety program.
The workmen's compensation case was tried and a final judgment was entered on October 6, 1977, awarding Mr. Adair benefits for 30% permanent partial disability. On September 14, 1978, Moretti-Harrah filed a motion for summary judgment based on §§ 25-5-52 and 25-5-53 of the Alabama Code and on the record in the workmen's compensation case. After a hearing, the trial court entered a summary judgment for Moretti-Harrah stating that a self-insured employer under the Workmen's Compensation Act did not have any independent relationship toward the employee other than that of employer-employee and had no additional liability. The Adairs appeal.
The Adairs assert on appeal that an injured employee may maintain a third party action against his self-insured employer in its separate capacity as an insurer, pursuant to Alabama Code, Tit. 26, § 312 (1973 Supp.), the applicable law at the time the case was filed.[1] They ask that this Court adopt the dual capacity doctrine of Beasley v. MacDonald Engineering Co.,287 Ala. 189, 249 So.2d 844 (1971). (See, also, United StatesFidelity Guaranty Co. v. Jones, 356 So.2d 596 [Ala. 1977].)
Beasley held that a private insurer under § 25-5-8 (a) could be sued for negligence in performing safety inspections; the Workmen's Compensation Act had not abrogated the common law action against the workmen's compensation carrier. Liberty Mutual, the insurer in that case, argued that it was immune from suit under Tit. 26, § 312, because the employer, its insured, was not liable to the employee injured as a result of the negligent safety inspection. It contended that it was "standing in the shoes of the employer." Mr. Justice Simpson, speaking for the Court, rejected this argument, quoting Larson, Workmen's Compensation Insurer as Suable Third Party, 1969 DukeLaw Journal, 1117, 1137:
 "`But it is not of the essence of the compensation process that the carrier should step out of its fundamental role as financial guarantor and payor and go into the safety inspection service or medical clinic business directly. There is a big difference. If the carrier merely puts up the money and the employee obtains medical services from an independent physician or clinic, the employee in case of malpractice has someone he can sue. But, if the carrier performs the service directly and if third-party liability is destroyed [by equating the carrier with the employer], the employee has no one to sue.'" Beasley, supra, at 197-198, 249 So.2d at 851; bracketed material added by the Beasley court. *Page 183 
He stated that the same reasoning applied to the performance of safety engineering services. There was a distinction between the carrier's function of payment for benefits and services and any function it assumed in the way of direct or physical performance of services related to the act. Justice Simpson characterized Liberty Mutual as "wearing two hats and performing two roles."
 "In its role of supplying of the financial responsibility required of the employer under the act, it is entitled to all of the rights of its insured under the act. In its role of safety engineer it is entitled to no more protection than the law would give to any other in that role. It certainly would have a competitive advantage over other safety engineers if it would [could] claim immunity from common-law liability simply because it also writes the workmen's compensation coverage for the employer." Beasley, supra, at 198, 249 So.2d at 852.
The Adairs, analogizing the dual capacity concept of Beasley, contend that Moretti-Harrah, although one legal entity, could be characterized as "wearing two hats and performing two roles."
Any apparent measure of logic in the contention that a self-insured employer is acting in a dual capacity in performing its own safety program — and is thus amenable to third party liability — breaks down, however, in the effort to transpose the single legal entity — the "employer" — into the definition of third party under § 25-5-11, Ala. Code 1975 (old Tit. 26, § 312). Beasley and Jones are in the context of parties defendant who are in fact third parties, i.e., parties "other than the employer."
Beasley's holding of "dual capacity," and its rationale, therefore, is in answer to the insurance carrier's contention that, although it is a separate entity from the employer, it should be equated with "employer" for immunity purposes, because in making safety inspections it is performing a function which otherwise would be performed by the employer.Beasley, therefore, begins with the premise that the insurance company (compensation carrier) is a third party and concludes that, while acting in that capacity, it is not entitled to the immunity afforded the employer.
Here, we begin with the premise that the employer is not a third party. Just as the carrier cannot be the employer, the employer cannot be a party "other than the employer."[2] We do not believe that the totality of the Workmen's Compensation Act contemplates the transformation from employer to third party by its performance, or lack of performance, of work-related activities such as safety inspections.
We hold, therefore, that the employer does not lose its employer status — for immunity purposes — by qualifying under the Workmen's Compensation Act as a self-insurer and, in that capacity, performing or failing to perform safety inspections.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH, J., not sitting.
[1] Mr. Adair was injured on February 27, 1975. The 1975 amendment to Tit. 26, § 312 (now § 25-5-11) became effective in November, 1975. Thus, the 1973 amendments are applicable.
[2] This is not to say, of course, that we are changing or modifying the law with respect to an employee's right of action against the employer not embraced by the Workmen's Compensation Act. See, for example, Gentry v. Swann Chemical Co., 234 Ala. 313,174 So. 530 (1937). The instant holding is in the context of a third party action authorized by § 25-5-11.