This is a personal injury action brought by Reed E. Stone, an employee of the American Bridge Division of the United States Steel Corporation (U.S. Steel), based on Code 1975, § 25-5-11. The facts which gave rise to this cause of action are as follows: On June 14, 1977, the plaintiff/appellant, Reed E. Stone, was an employee of U.S. Steel engaged in the removal of cooling towers at its Fairfield Works. On that date Mr. Stone stepped upon a steel plate covering a vat containing by-products of the steel manufacturing process including hot tar, water, ammonia liquor and various other chemicals. When he stepped upon the plate, it gave in, causing him to fall into the vat and sustain serious burns. The basis of the plaintiff's suit is that the defendant negligently or wantonly allowed a dangerous condition to exist without proper *Page 18 
safeguards, that the defendant failed to supervise and inspect the premises with regard to safety, that the defendant failed to provide a safe place to work, and that the defendant failed to warn plaintiff of the dangerous condition on the premises. On January 10, 1979, the circuit court granted U.S. Steel's motion for summary judgment, based upon the fact that Reed E. Stone was an employee of U.S. Steel, which paid Stone workmen's compensation benefits and his medical and hospital expenses pursuant to our workmen's compensation laws.
The defendant contended that plaintiff's action was not an action for negligence against third parties, but rather was an action for negligence against the defendant, U.S. Steel, who was at the time the employer of the plaintiff, and that such actions are barred by Code 1975, §§ 25-5-52 and 25-5-53.
Plaintiff/appellant asserts two basic theories for holding U.S. Steel liable: (1) U.S. Steel is a separate legal entity both economically and otherwise from American Bridge, a division of U.S. Steel, and (2) that U.S. Steel is liable as the owner of the premises and the manufacturer of the steel plate in question under the dual capacity doctrine. Appellant's first theory is without merit because "Dual capacity will not be found merely because the employer has a number of departments or divisions that perhaps are quite separate in their functions and operations." A. Larson, 2A The Law ofWorkmen's Compensation, § 72.80, p. 14-115 (1976). Professor Larson cites cases from other jurisdictions where similar dual capacity doctrine arguments have been made and rejected.
Appellant's second theory rises or falls with the determination of whether the employer undertook "any special independent relationship toward [its employee] other than that of employer-employee." Mapson v. Montgomery White Trucks, Inc.,357 So.2d 971 (Ala. 1978). The determinative question is thus whether U.S. Steel was wearing two hats or operating in a dual capacity.
Professor Larson explained dual capacity as follows:
 Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.
A. Larson, 2A The Law of Workmen's Compensation, § 72.80, p. 14-112 (1976).
In Mapson, supra, we held that because the employer did not undertake a special relationship other than employer-employee with. Mapson and because the injury arose from the very nature of Mapson's employment (working on defective and damaged trucks) the dual capacity doctrine did not apply. In the instant case, U.S. Steel undertook no special relationship with Stone, and Stone's injuries arose out of the very nature of his work (removal of cooling towers from steel plants). By the same rationale as we employed in Mapson, the dual capacity doctrine is not applicable.
This Court recently held that "the employer does not lose its employer status — for immunity purposes — by qualifying under the Workmen's Compensation Act as a self-insurer and, in that capacity, performing or failing to perform safety inspections."Adair v. Moretti-Harrah Marble Company, Inc., 381 So.2d 181
(Ala. 1980).
In accord with the principles announced by this Court inAdair, supra, and Mapson, supra, we hold that U.S. Steel was not operating in a dual capacity as employer-safety inspector, or employer-manufacturer, or employer-owner in a sense that would bring the dual capacity doctrine into play. The trial court properly granted defendant's motion for summary judgment because his action is barred by Code 1975, §§ 25-5-52 and25-5-53.
AFFIRMED.
FAULKNER, ALMON, SHORES and EMBRY, JJ., concur. *Page 19