This appeal is from a summary judgment granted in favor of defendant Avondale Mills in an action for damages for injury to the plaintiff's lungs caused by over thirty years' work in a cotton mill operated by a subsidiary of that defendant. For the reasons set out herein, we affirm.
This suit was brought by Alvin C. Missildine, appellant, against Avondale Mills, Inc. (Avondale), and Curtis-Marble Machine Company, Inc., alleging that Avondale owned and operated a textile mill, Cowikee Mills, Inc. (Cowikee), and that both defendants "negligently failed to provide Missildine with a reasonably safe place to work and safety equipment or appliances with which to do his job." As a proximate result of this negligence, appellant alleged, he was exposed to hazardous working conditions and unsafe machinery, and thereby forced to breath large amounts of cotton dust and fibers, which in turn caused him to become afflicted with byssinosis (brown lung).
Missildine was employed at Cowikee, a cotton textile mill in Eufaula, for over thirty years. The vast majority of his service was spent working in the cloth room, a finishing area in the production process. His employment with Cowikee officially ended on October 25, 1976, though that date was the only day he had worked since September 11 of that year. In a prior case against Cowikee, Missildine testified that due to his respiratory illness, he was forced to discontinue his employment at that time.
After this suit was filed, Missildine settled with Curtis-Marble Machine Company, Inc., and it is not a party to this appeal. Missildine also amended his complaint against Avondale, claiming that its negligence or wantonness caused him to contract byssinosis, adult onset asthma, or some other respiratory disease.
Shortly thereafter, Avondale moved for summary judgment, setting forth in support thereof an affidavit and several depositions. The affidavit of Mr. Donald Comer III, president and treasurer of Avondale, stated that Avondale did not own or operate the Cowikee mill, but merely acquired its stock in 1975 and thereafter operated the mill as a separate corporation, therefore owing no duty to the plaintiff, Missildine.
In order to show that a duty did exist, Missildine attempted to show that Avondale and Cowikee were one and the same. Appellant pleaded that Cowikee was the alter ego of Avondale and introduced check stubs and insurance payments to support that theory. In a letter brief to the trial court, plaintiff stated that only one legal entity was involved and that Avondale was thus liable to him for the acts of its subsidiary, Cowikee.
Prior to filing this suit against Avondale, however, Missildine had also filed a workmen's compensation claim against Cowikee. The trial court in that action held in favor of Cowikee and denied recovery of workmen's compensation benefits, holding that Missildine "at no time pertinent, had or has a compensable occupational disease within the meaning of the Workmen's Compensation Act of Alabama."
A party moving for summary judgment has the burden of clearly showing that the non-moving party cannot recover under any discernible set of circumstances and that there is no genuine issue as to any material fact. Fountain v. Phillips,404 So.2d 614 (Ala. 1981); Butler v. Michigan Mutual Insurance Co.,402 So.2d 949 (Ala. 1981); Amason v. First State Bank of Lineville,369 So.2d 547 (Ala. 1979); Ragland v. Alabama Power Co.,366 So.2d 1097 (Ala. 1978). The moving party must be entitled to the summary judgment as a matter of law. Fountain v. Phillips,404 So.2d 614 (Ala. 1981); Studdard v. South Central BellTelephone Co., 356 So.2d 139 (Ala. 1978); Birmingham TelevisionCorp. v. Water Works, 292 Ala. 147, 290 So.2d 636 (1974). All reasonable inferences concerning issues of material fact are to be drawn in favor of the non-movant. Butler v. Michigan MutualInsurance Co., 402 So.2d 949 (Ala. 1981); Papastefan v. B LConstruction Co., *Page 1042 356 So.2d 158 (Ala. 1978); Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92 (1976).
The burden for sustaining a motion for summary judgment is substantially increased by the scintilla of evidence rule. This rule requires that no summary judgment be granted if there is a scintilla of evidence to support the non-movant's position.Fountain v. Phillips, 404 So.2d 614 (Ala. 1981); Browning v.Birmingham News, 348 So.2d 455 (Ala. 1977). The scintilla of evidence rule requires merely a gleam, glimmer, spark, the least bit, or the smallest trace in support of the non-moving party. Watkins v. St. Paul Fire and Marine Insurance Co.,376 So.2d 660 (Ala. 1979).
Applying the law to these facts, it is quite clear that Avondale met its burden of showing no genuine issue as to a material fact. The motion for summary judgment was submitted to the trial court on the theory, as presented by the plaintiff, that Avondale and Cowikee were one legal entity and, as a result, Avondale should be liable through its duty to Missildine for the acts of its subsidiary. Yet, if this is the case, then Avondale would be entitled to the immunity provided by the Workmen's Compensation Act, unless it fits within the exception of the dual capacity doctrine. Under the holding ofStone v. United States Steel Corp., 384 So.2d 17 (Ala. 1980), however, it is clear that Avondale undertook no special independent relationship toward Missildine other than that of employee-employer, thus keeping it outside of the dual capacity doctrine. Therefore, any claim against Avondale would have to proceed under the Workmen's Compensation Act. See, Code 1975, §25-5-110.
As stated above, Missildine has already been denied recovery under the Workmen's Compensation Act. For this reason, the doctrine of res judicata would bar any subsequent action against Avondale if Cowikee is the same entity or in privity therewith. For res judicata to apply, there must be four elements present: (1) there must have been a prior judgment rendered by a court of competent jurisdiction; (2) that prior judgment must have been rendered on the merits; (3) the parties to both suits must be substantially identical; and (4) the same cause of action must be present in both suits. Russell v.Russell, 404 So.2d 662 (Ala. 1981); Wheeler v. First AlabamaBank of Birmingham, 364 So.2d 1190 (Ala. 1978). If the facts as presented by Missildine at the trial court are accepted, that Avondale and Cowikee are one entity, then all the elements for res judicata to apply are present. The fact that Missildine amended his complaint would be of no consequence, since the former judgment is an absolute bar to any issue that was or could have been litigated in the prior action. Russell v.Russell, 404 So.2d 662 (Ala. 1981); McGruder v. B LConstruction Co., 331 So.2d 257 (Ala. 1976).
In his brief, Missildine attempts to change his theory of recovery, stating:
 Missildine now says that Cowikee and Avondale are two separate and distinct entities and that there is no immunity to the parent corporation by an employee of a subsidiary corporation for negligence on the part of the parent corporation.
Missildine cannot assert a theory to this Court that he did not present below. Whether a motion for summary judgment should have been granted must be tested by reviewing what the trial court had before it when it granted the motion. Mathis v. JimSkinner Ford, Inc., 361 So.2d 113 (Ala. 1978).
Even if this Court did accept Missildine's present contention that Avondale and Cowikee are separate and distinct entities, the granting of the summary judgment would still be upheld. The Alabama Constitution states, in pertinent part, that "in no case shall any stockholder be individually liable otherwise than for the unpaid stock owned by him or her." Ala. Const. art. XII, § 236. See also, Jefferson Pilot Broadcasting Co. v.Hilary Hogan, Inc., 458 F. Supp. 310 (M.D.Ala. 1978).
It appears that Missildine is attempting to proceed under the positive elements of two opposing theories, While it is *Page 1043 
clear that both theories asserted are deficient, Missildine tries to prove certain elements under one theory and certain elements under another inconsistent theory, and together to produce a single theory of liability. This he cannot do.
It therefore becomes clear that appellant Missildine could not have recovered under either theory set forth by him, under any discernible set of circumstances. This Court having found no genuine issue as to any material fact, the summary judgment by the trial court is due to be affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.