David Windham appeals from a summary judgment granted in favor of Blount International, Ltd., on the basis of the employer's immunity under the Alabama Workmen's Compensation Act. We affirm.
Under the facts, it is undisputed that Windham was an employee of Blount, was injured in the course of his employment, and as a result of this injury collected workmen's compensation. There is a factual dispute between the parties, however, as to who made the safety hook which caused Windham's fall. Windham contends that a fellow employee of Blount fabricated the safety hook for Windham's use. Blount, however, denies that it designed or fabricated this device and alleges that Windham was responsible for the unapproved safety equipment.
On May 7, 1981, Windham filed his complaint against Blount, seeking damages due to the negligent design and manufacture of the safety hook which caused his fall. This claim was made under the "dual capacity" doctrine. Blount filed a motion to dismiss the action, alleging that Windham was an employee of Blount at the time of the incident, *Page 195 
and thus his exclusive remedy was workmen's compensation.
The trial court considered the motion on behalf of Blount as one for summary judgment and granted that motion on April 7, 1982. This judgment was made final pursuant to ARCP 54 (b). Windham filed notice of appeal, along with security for costs, on May 3, 1982.
The Workmen's Compensation Act of Alabama provides that the rights and remedies granted to an employee "shall exclude all other rights and remedies of said employee." Section 25-5-53, Code 1975. However, if the injury is caused by some conduct on the part of the employer which results from a separate, independent relationship between the employer and the employee, the doctrine of dual capacity may remove the action from the exclusive provisions of the Workmen's Compensation Act. Mapsonv. Montgomery White Trucks, Inc., 357 So.2d 971 (Ala. 1978).
In this case, as in Mapson and in the later case of Stone v.United States Steel Corp., 384 So.2d 17 (Ala. 1980), the facts do not afford us an opportunity to consider the merits of the dual capacity doctrine. Windham was employed by Blount as an iron worker, and it was often necessary for him to work above ground in performing his work. Iron workers working for Blount normally wore safety belts when working above ground. At the time of the accident, Windham was tying iron approximately twenty feet above ground and was using a safety belt.
It was disputed as to who made the safety belt. This, however, is not the determining point as to whether the dual capacity doctrine applies. The employer must be acting in a special individual capacity separate from his capacity as employer in order to be subject to common law liability under the doctrine.
In this cause, Blount did not undertake any special relationship other than an employer-employee relationship with Windham, and Windham's injuries arose out of the very nature of his work. Windham was doing his regular job (tying iron) and Blount was performing a normal function by furnishing its employee with safety equipment.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.