Plaintiff Therrell appeals from an order of final judgment as to less than all parties entered pursuant to Rule 54 (b), Alabama Rules of Civil Procedure, on the motion to dismiss filed by defendant Scott Paper Company.
Therrell was injured in an industrial accident which occurred at his place of employment at Scott Paper Company in Mobile. He alleges that on the date of his injury he was an employee of Scott Paper Company and was treated at a medical facility maintained by Scott Paper Company for the purpose of treating its employees. Therrell was treated by Dr. William G. Fonde, who was employed by Scott Paper Company as a physician and medical practitioner.
Therrell contends that, as a consequence of the treatment rendered by Dr. Fonde and an unidentified nurse, also an employee of Scott Paper Company, his left hand was permanently injured. He sues his employer, Scott Paper Company, Dr. Fonde, who worked full time in staffing Scott Paper Company's infirmary used to treat industrial accident victims at its plant, and a nurse, also a Scott Paper Company employee.
The trial court dismissed the plaintiff's suit as to Scott Paper Company, holding that his action against his employer was barred by the exclusive remedy provisions of the Workmen's Compensation Act. This appeal followed.
The plaintiff urges us to reverse the trial court's judgment on either of two grounds. First, plaintiff argues that, in maintaining and staffing a medical facility on its premises, Scott Paper Company acts in a capacity which is separate and distinct from its capacity as plaintiff's employer. Therrell concedes that Scott Paper Company, as his employer, is immune from suit under the Workmen's Compensation Act, but he argues that as the provider of medical services to its employees it acts in a dual capacity and, thus, does not enjoy immunity when acting in that role.
Additionally, he says that, regardless of whether we agree that Scott Paper Company was acting in a dual capacity in providing medical services to its employees in a facility at its plant, the immunity from suit afforded employers under the act should not extend to intentional torts such as the tort of outrageous conduct, which he pleads in a second claim against Scott Paper Company.
Plaintiff/appellant cites us no case in which a suit against an employer has been allowed under facts like these. In fact, all of the authority he cites and all which we have found disallows such suits and holds the employer immune. *Page 35 
This Court has frequently and recently recognized that the rights and remedies granted by the Workmen's Compensation Act against an employer for injuries resulting from a work-related accident are exclusive. Slagle v. Reynolds Metals Co.,344 So.2d 1216 (Ala. 1977).
Plaintiff recognizes this rule, but urges us to apply the so-called dual capacity or dual persona doctrine to allow suit against his employer because he says Scott Paper Company was acting not as his employer but in another capacity as a supplier of medical services when he was injured in a tort separate and apart from the original injury. In making this argument, he concedes that the dual capacity or dual persona doctrine has not yet been applied in this state, although it has been urged in two recent cases. Stone v. United StatesSteel Corporation, 384 So.2d 17 (Ala. 1980); Mapson v.Montgomery White Trucks, Inc., 357 So.2d 971 (Ala. 1978).
The dual capacity doctrine was first announced by the Supreme Court of California in Duprey v. Shane, 39 Cal.2d 781,249 P.2d 8 (1952). In that case, Duprey was a nurse employed in a chiropractic clinic. She sustained an on-the-job injury and one of her chiropractor employers personally treated her injury. Although the initial injury was covered by workmen's compensation insurance, the plaintiff subsequently sued Dr. Shane for malpractice in the treatment by him of the work-related injury. The court on appeal rejected Dr. Shane's argument that the suit against him by his employee was barred by the exclusive remedy provision of the California Workmen's Compensation Act, noting that, had the plaintiff been negligently treated by a physician hired by Dr. Shane's insurance carrier, she would have been able to maintain an action against that physician. The court then noted that it would be incongruous to disallow the plaintiff's claim against Dr. Shane, the treating physician, simply because he happened to also be the plaintiff's employer. The court expressed its reasoning thusly:
 "In such event [the treatment of the employee by the employer-doctor], the employer-doctor is a `person other than the employer' within the meaning of section 3852 of the Labor Code above quoted. In treating the injury Dr. Shane did not do so because of the employer-employee relationship, but did so as an attending doctor, and his relationship to . . . [plaintiff] was that of doctor and patient.
 ". . . It is true that the law is opposed to the creation of a dual personality, where to do so is unrealistic and purely legalistic. But where, as here, it is perfectly apparent that the person involved — Dr. Shane — bore towards his employee two relationships — that of employer and that of doctor — there should be no hesitancy in recognizing this fact as a fact. Such a conclusion, in this case, is in precise accord with the facts and is realistic and not legalistic."
249 P.2d at 15.
Therrell argues that Duprey should be extended to permit his suit against his employer, Scott Paper Company. But even California, which announced the dual capacity rule in Duprey, has refused to extend it in a factual setting like the one before us. In Dixon v. Ford Motor Co., 53 Cal.App.3d 499,125 Cal.Rptr. 872 (1975), a Ford employee died at work allegedly because the staff of a first aid facility maintained by Ford negligently failed to provide proper treatment. The court held that workmen's compensation benefits were the exclusive remedy against Ford.
In commenting on these two California cases, as well as a later one which disallowed the employer's claim of immunity under the exclusive provisions of the California statute, Professor Larson said:
 "In Duprey there was an employer who was in the business of practicing medicine, and who personally committed the malpractice. Now let us go to the opposite extreme, and consider the familiar picture of a first-aid room maintained by the employer, with a nurse and perhaps even a company doctor. Would anyone suggest that the employer, as furnisher of these medical services, becomes liable in tort for any negligence of the nurse or *Page 36 
doctor? Even California has said no, in Dixon v. Ford Motor Co. Where then is the line between Duprey and Dixon to be drawn?
 "The answer suggested here is that the dual-capacity approach should be confined to cases in which, as in Duprey, the employer is in the business of furnishing medical services, and in which the responsibility for the malpractice is personal, not vicarious. The reason is that it is only in such limited cases that it can realistically be said that the employer assumes a second persona. Take, for example, the usual case of a corporate manufacturer that employs a full-time company doctor. If the doctor exacerbates a compensable injury by malpractice, it is absolutely impossible to say that the corporate employer is now `someone other than the employer.' The liability of employer for the malpractice, if there were any, would be vicarious — which means it would be based on his status as an employer. Indeed, this would be true even if the employer were a hospital or other entity furnishing health services. Thus, the only kind of employer who could properly come within the dual-capacity concept would be one, like the doctor in Duprey, who personally committed the malpractice, and became liable directly as a doctor, not vicariously as an employer.
 "The same considerations should apply, with even greater force, when the suit against the employer is based, not on malpractice, but on negligent selection or employment of the physician. The Supreme Court of California, which has done much more than its share to extend the dual-capacity doctrine beyond all justifiable limits, failed to see this fundamental distinction, in D'Angona v. County of Los Angeles
[27 Cal.3d 661, 166 Cal.Rptr. 177, 613 P.2d 238 (1980)]. Claimant, an employee of a county hospital, contracted a disease in the course of her work, and was treated at the hospital by doctors employed by the hospital. The treatment aggravated the disease. She received worker's compensation for the disease as aggravated, then sued the hospital seeking damages for the aggravation. The Supreme Court of California held that a cause of action would lie. It relied primarily on Duprey v. Shane, contending that there was no real distinction between the direct negligence of the doctor there, and the breach of duty of the hospital here in employing negligent doctors. To avoid double recovery, a set-off was allowed to the extent the compensation benefits were based on the aggravation.
 "Although the court said it could see no difference between this case and Duprey, there is indeed a difference, and a crucial one. The duty to the employee which the employer violated by allegedly furnishing a negligent doctor was not the duty of doctor to patient, but the duty of employer to employee to furnish proper medical care. The persons
that employed the plaintiff is [sic] the same legal persona that owed plaintiff the duty to supply proper medical services. Again, there is simply no way two legal persons can be constructed out of one employer in this situation."
2A A. Larson, The Law of Workmen's Compensation § 72.61 (c), at 208-211 (1982).
The Supreme Court of Illinois recently considered a factually analogous case in McCormick v. Caterpillar Tractor Co.,85 Ill.2d 352, 53 Ill.Dec. 207, 423 N.E.2d 876 (1981). There, the plaintiff, an employee of Caterpillar, injured his foot on the job. He was treated by a Caterpillar company physician at a medical facility on the plant site. For the next four to six weeks, the plaintiff was treated by several different company doctors, none of whom diagnosed a stress factor in the plaintiff's foot. By the time this condition was finally diagnosed, the plaintiff had suffered permanent injury. After receiving workmen's compensation for his injury, the plaintiff filed suit against his employer, Caterpillar, and the company physicians by whom he had been treated. In upholding the dismissal against Caterpillar, based upon its immunity under the Illinois Workmen's Compensation Act, the Supreme Court of Illinois said: *Page 37 
 "The decisive test to determine if the dual-capacity doctrine is invocable is not whether the second function or capacity of the employer is different and separate from the first. Rather, the test is whether the employer's conduct in the second role or capacity has generated obligations that are unrelated to those flowing from the company's or individual's first role as an employer. If the obligations are related, the doctrine is not applicable."
53 Ill.Dec. at 209, 423 N.E.2d at 878.
Providing medical attention to its injured employees is an obligation flowing from Scott Paper Company's role as an employer. See § 25-5-77, Ala. Code 1975. We agree with the Supreme Court of Illinois that, under these facts, the dual capacity doctrine has no application, and that the exclusive remedy provisions of our Workmen's Compensation Act bar the plaintiff's claims against Scott Paper Company.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.