Malcolm Bowen appeals from a summary judgment for the defendant, Goodyear Tire Rubber Company, which was made final pursuant to Rule 54(b), A.R.Civ.P.
Bowen was an employee of Goodyear, and was on the job at a Goodyear manufacturing plant when he was hurt. Bowen filed an action for workmen's compensation benefits against Goodyear and said in his verified complaint that "[t]he plaintiff [Bowen] was heretofore employed by defendant [Goodyear] and they were subject to the workmen's compensation laws of Alabama. Plaintiff suffered an accident which arose out of, and in the course of plaintiff's employment by defendant. . . ." In the original complaint, Bowen alleged that he was an employee of Goodyear and that his hand was injured in the course of his employment. This was amended to allege that Bowen was not injured as part of his employee-employer relationship with Goodyear. Bowen was an instrumentation technician. It was his job to repair and adjust the controls on certain machines at Goodyear's plant. He did not regularly work at the machine that caused his injury. However, he had worked on that machine a "good many times" in his position as instrumentation technician. The machine was owned by Goodyear, and it was in Goodyear's plant; Bowen was injured when he caught his hand in a roller on the machine.
Goodyear made the machine, in which Bowen caught his hand, for the exclusive use of Goodyear's employees.
The Workmen's Compensation Act of Alabama provides that the rights and remedies granted to an employee "shall exclude all other rights and remedies of said employee." Section 25-5-53, Code 1975.
This Court has recognized that the doctrine of dual capacity may remove the exclusivity of the Workmen's Compensation Act.Therrell v. Scott Paper Co., 428 So.2d 33 (Ala. 1983); Windhamv. Blount International, Ltd., 423 So.2d 194 (Ala. 1982);Missildine v. Avondale Mills, Inc., 415 So.2d 1040 (Ala. 1981);Stone v. United States Steel Corp., 384 So.2d 17 (Ala. 1980);Mapson v. Montgomery White Trucks, Inc., 357 So.2d 971 (Ala. 1978). However, we have never been presented with a factual situation in which the doctrine could be applied.
Should the dual capacity doctrine apply under these facts?
Justice Shores in Therrell v. Scott Paper Co., supra, at 37, quoted with approval the following from McCormick v.Caterpillar Tractor Co., 85 Ill.2d 352, 53 Ill.Dec. 207,423 N.E.2d 876 (1981):
 "The decisive test to determine if the dual-capacity doctrine is invocable is not whether the second function or capacity of the employer is different and separate from the first. Rather, the test is whether the employer's conduct in the second role or capacity has generated obligations that are unrelated to those flowing *Page 572 
from the company's or individual's first role as an employer. If the obligations are related, the doctrine is not applicable."
Providing safe "ways, works, machinery or plant connected with or used in the business" of the employer, is an obligation flowing to Bowen from Goodyear's role as an employer. See §25-6-1(a)(1), Code of Alabama 1975. The fact that Goodyear manufactured the machine for the sole use of its employees does not change this obligation. Under the facts in this case the dual capacity doctrine has no application, and the exclusive remedy provisions of our Workmen's Compensation Act bar Bowen's claim against Goodyear. The trial court did not err in granting Goodyear's summary judgment, even under our stringent standard of review. Missildine v. Avondale Mills, Inc., supra, at 1041-42.
AFFIRMED.
MADDOX, JONES, SHORES, BEATTY and STEAGALL, JJ., concur.
ALMON, J., concurs in result.