Larry Paul Ritchie was injured in June 1990, when, while mounting a truck tire *Page 289 
and rim onto the hub of a truck brought into a place of business operated by Bridgestone/Firestone, Inc. ("Firestone"). The rim exploded. Ritchie was, at that time, an employee of Firestone; he regularly mounted tires and rims in the course of his employment and when the rim exploded he was working in the course of his employment and was using the rim for its intended purpose. Following his injury, Ritchie filed for workers' compensation benefits and he received them for approximately 44 weeks. In addition, Firestone paid his medical expenses, and he received a $35,000 lump sum payment.
Thereafter, Ritchie filed this products liability action against Firestone, which had manufactured part of the rim. Ritchie alleged that the rim was defective and that the defect in the rim had caused his injury. Firestone moved for a summary judgment, contending that Ritchie had exhausted his remedy under the Workers' Compensation Act, that that remedy was exclusive, and that Firestone was therefore entitled to a judgment as a matter of law. The trial court agreed and entered a summary judgment in favor of Firestone.
Ritchie appeals, urging us to apply the "dual capacity" doctrine to this set of facts, thereby allowing Ritchie to pursue his products liability claim. In support of his argument, Ritchie contends that the portion of the rim manufactured by Firestone was not manufactured solely for the use of Firestone employees, but, instead, was manufactured for use by the general public. Thus, Ritchie contends, Firestone had an obligation separate and apart from its obligation to him as an employee and, he argues, the breach of that obligation should allow him to pursue his present action. We disagree.
In Mapson v. Montgomery White Trucks, Inc., 357 So.2d 971
(Ala. 1978), this Court stated:
 "Under the stipulated facts, Montgomery White Trucks, Inc., sold a truck to J.R. Rutledge. Several months later, the truck was returned for repairs under warranty. Mapson, as an employee of Montgomery White, and 'pursuant to his employment with said employer' was repairing the truck when it rolled over him, resulting in serious permanent injuries. Mapson collected workmen's compensation benefits.
 "Mapson brought suit against white Truck Manufacturing, Ltd., White Motor Corp., Montgomery White Trucks, Inc., and J.R. Rutledge, et al. The employer, Montgomery White, was granted summary judgment, and the trial court entered final judgment under [A.R.Civ.P.] 54(b) as to that defendant.
 "Mapson, alleging that the accident resulted from a defective double-reduction switch, attempts recovery under the implied warranty of merchantability. Tit. 7A, §§ 2-314 and 2-318, Code of Ala. 1940 [now § 7-2-314 and § 7-2-318, Ala. Code 1975]. He strenuously urges adoption of the 'dual capacity doctrine.' As explained by Professor Larson,
 " 'Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.' A. Larson, 2A The Law of Workmen's Compensation, § 72.80, p. 14-112 (1976).
 "Mapson contends that in the present situation, Montgomery White wears two hats: (1) that of employer and (2) that of a seller of goods to the public. It is in Montgomery White's capacity as a seller, thus subjecting it to the implied warranty of merchantability, that it is being sued.
 "This factual situation, however, does not afford us an opportunity to consider the merits of the 'dual-capacity doctrine.' Montgomery White did not undertake any special independent relationship toward Mapson other than that of employer-employee. Rather, it is from the very nature of Mapson's employment, which of necessity includes working on defective and damaged trucks, that the accident resulted. . . . *Page 290 
 "It is to an employment-related accident that the Legislature has spoken, cloaking the employer with civil immunity. . . ."
Id. at 972-73.
This Court further entertained the possible adoption of the "dual capacity" doctrine in Bowen v. Goodyear Tire RubberCo., 516 So.2d 570 (Ala. 1987), wherein we stated:
 "In the original complaint, Bowen alleged that he was an employee of Goodyear and that his hand was injured in the course of his employment. This was amended to allege that Bowen was not injured as part of his employee-employer relationship with Goodyear. Bowen was an instrumentation technician. It was his job to repair and adjust the controls on certain machines at Goodyear's plant. He did not regularly work at the machine that caused his injury. However, he had worked on that machine a 'good many times' in his position as instrumentation technician. The machine was owned by Goodyear, and it was in Goodyear's plant; Bowen was injured when he caught his hand in a roller on the machine.
 "Goodyear made the machine, in which Bowen caught his hand, for the exclusive use of Goodyear's employees.
 "The Workmen's Compensation Act of Alabama provides that the rights and remedies granted to an employee 'shall exclude all other rights and remedies of said employee.' Section 25-5-53, Code 1975.
 "This Court has recognized that the doctrine of dual capacity may remove the exclusivity of the Workmen's Compensation Act. Therrell v. Scott Paper Co., 428 So.2d 33 (Ala. 1983); Windham v. Blount International, Ltd., 423 So.2d 194 (Ala. 1982); Missildine v. Avondale Mills, Inc., 415 So.2d 1040
(Ala. 1981); Stone v. United States Steel Corp., 384 So.2d 17 (Ala. 1980); Mapson v. Montgomery White Trucks, Inc., 357 So.2d 971 (Ala. 1978). However, we have never been presented with a factual situation in which the doctrine could be applied.
 "Should the dual capacity doctrine apply under these facts?
 "Justice Shores in Therrell v. Scott Paper Co., supra, at 37, quoted with approval the following from McCormick v. Caterpillar Tractor Co., 85 Ill.2d 352, 53 Ill.Dec. 207, 423 N.E.2d 876 (1981):
 " 'The decisive test to determine if the dual-capacity doctrine is invocable is not whether the second function or capacity of the employer is different and separate from the first. Rather, the test is whether the employer's conduct in the second role or capacity has generated obligations that are unrelated to those flowing from the company's or individual's first role as an employer. If the obligations are related, the doctrine is not applicable.'
 "Providing safe 'ways, works, machinery or plant connected with or used in the business' of the employer, is an obligation flowing to Bowen from Goodyear's role as an employer. See § 25-6-1(a)(1), Code of Alabama 1975. The fact that Goodyear manufactured the machine for the sole use of its employees does not change this obligation."
Id. at 571-72.
Ritchie was injured while performing the task he was employed to perform. His relationship with Firestone was not altered simply because the rim he alleges was defective was manufactured for sale to the public. Simply stated, the accident was a work-related injury and Firestone's relationship to Ritchie was never anything more than that of employer/employee. For these reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur. *Page 291