RICHARD L. HOLMES, Retired Appedate Judge.
This case involves a dismissal on the grounds of res judicata.
On December 16, 1993, James L. Butler, Jr., filed a complaint against 200 West Court Square Associates, Ltd., Floyd Wdson, Cambridge Realty Group, and Randy Ferguson (defendants). The complaint sought damages for breach of contract, fraud, and the tort of outrageous conduct. The trial court, in that ease, entered a summary judgment in favor of the defendants and Butler appealed. Our supreme court, in that case, affirmed the summary judgment.
On October 27, 1995, Butler filed, verbatim, the same complaint against the same defendants. The defendants filed a motion to dismiss Butler’s cause of action, based on the doctrine of res judicata. On January 19, 1996, the trial court granted the defendants’ motion. Butler filed a motion for reconsideration, which was denied.
Butler appeals pro se. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The only issue on appeal is whether the trial court erred in granting the defendants’ motion to dismiss, based on the doctrine of res judicata.
Suffice it to say, we have reviewed the record on appeal and find that Butler’s brief so fails to comply with Rule 28(a), Ala. R.App. P., that we are left with no choice but to affirm the judgment of the trial court.
*817 We quote the mandatory language of Rule 28(a), Ala. R.App. P.:
“(a) Brief of the appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
“(1) A table of contents, with page references, and a table of eases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited;
“(2) A statement of the case (The statement shall first indicate briefly the nature of the case, the course of proceedings and its disposition in the court below);
“(3) A statement of the issues presented for review;
“(4) A full statement of facts relevant to the. issues presented for review, with appropriate references to the record (see subdivision (e));
“(5) An argument (The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on); and,
“(6) A short conclusion stating the precise relief sought.”
We note that Butler’s brief is not a paragon of clarity. In fact, he does not even address the real issue of this appeal. Rather, he argues that the complaint was improperly dismissed because the discovery process had not been completed.
Butler also failed to cite any legal authority in his initial brief. Although he does cite some legal authority in his reply brief, we would note that that authority is not relevant to the real issue at hand.
When the appellant has failed to comply with Rule 28(a), Ala. R.App. P., he is in a perilous position. While this court hesitates to dismiss an appeal or to affirm a judgment on what appears to be a technicality, we are sometimes unable to address the merits of an appellant’s claim when the appellant fails to articulate that claim. Under appropriate circumstances we will refuse to consider the appeal. Lambert v. Pinchard Agency, Inc., 516 So.2d 697 (Ala.Civ.App.1987).
In any event, we note that there was sufficient evidence for the trial court to determine that a dismissal was, in fact, proper under the circumstances, since Butler failed to address the real reason the trial court dismissed his case.
Our supreme court, in Missildine v. Avondale Mills, Inc., 415 So.2d 1040, 1042 (Ala.1981), stated the following:
“For res judicata to apply, there must be four elements present: (1) there must have been a prior judgment rendered by a court of competent jurisdiction; (2) that prior judgment must have been rendered on the merits; (3) the parties to both suits must be substantially identical; and (4) the same cause of action must be present in both suits.”
All the elements of res judicata apply to the underlying facts of this case. Therefore, the trial court was correct in finding that the former judgment was a complete bar to any issues that were, or could have been, litigated in Butler’s prior action.
Accordingly, we conclude that the trial court did not err in dismissing Butler’s complaint against the defendants.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., not sitting.