CRAWLEY, Judge,
dissenting.
I must dissent from the majority’s reversal of the summary judgment in favor of Hatch-er. The majority holds the trial court in error for a judgment that is correct based upon the information presented to it. However, “[wjhether a motion for summary judgment should have been granted must be tested by reviewing what the trial court had before it when it granted the motion.” Missildine v. Avondale Mills, Inc., 415 So.2d 1040, 1042 (Ala.1981). Because Brewer did not make the trial court aware of the exception to the general rule of independent contractor liability, I cannot agree that the trial court be held in error, for this court cannot review an issue raised for the first time on appeal. See Landers v. O’Neal Steel, Inc., 564 So.2d 925, 926 (Ala.1990).
The majority states that the trial court is presumed to know the law. However, trial judges are not omniscient. They do not have the ability to read the minds of the attorneys or the parties to a lawsuit. Although trial judges are learned in the law, they cannot be expected to be experts on every nuance of every aspect of the law.
When Hatcher presented its argument that it was not liable based upon the general rule of subcontractor liability, Brewer had the responsibility to raise the issue of the nondelegable duty exception in response. See Landers, 564 So.2d at 926. In Landers, the plaintiff, Landers, failed to raise the issue of the constitutionality of a portion of the worker’s compensation statute in response to the employer’s motion for summary judgment. Id. The supreme court discussed the burden incumbent upon Landers to rebut to the employer’s motion. Id. After the employer met its burden (>n the motion for summary judgment,
“it became incumbent upon Landers to raise the argument he now asserts. Because he did not do so, the trial court was not presented with any basis on which to deny [the employer’s] motion for summary judgment. Therefore, the court did not err in entering the summary judgment for [the employer]. This Court will not review an issue raised for the first time on appeal.”
Id. (citations omitted). Likewise, in this case, Hatcher filed a motion for summary judgment and presented its defense that White was an independent contractor and that Hatcher could therefore not be held liable for White’s actions. Brewer did nothing in response to Hatcher’s motion. The trial court was then satisfied that no facts were disputed, that White was an independent contractor, and that, in accord with the law on independent contractors, Hatcher could not be liable for White’s actions. Therefore, without Brewer’s argument on nondelegable duty, the trial court had no basis for denying Hatcher’s motion, and we have no basis for reversing the trial court on an issue not presented below. See Id.