This is an appeal from a final judgment dismissing Sherman's third-party complaint against Gadsden.
Robert Norris, an employee of Gadsden, filed a damage suit against Sherman, the manufacturer of a machine by which he was injured, and an insurance company, who inspected the machine for safety. Norris' complaint against the manufacturer alleged negligent design, manufacture and putting into commerce an imminently dangerous machine, and breach of warranty. The insurance company allegedly was negligent in performing the safety inspection.
Sherman filed a third-party claim against Gadsden alleging its active negligence was the proximate cause of Norris' injury, and seeking indemnity for any sums that might be adjudged against Sherman. Gadsden moved to dismiss the third-party complaint, stating in essense: (1) there is no right to indemnification among joint tortfeasors in Alabama; (2) a party sued for in effect negligent manufacture is necessarily actively negligent or not at all and is, therefore, prohibited from impleading a joint tortfeasor on the basis of a duty to indemnify; and (3) Alabama's Workmen's Compensation Act precludes the maintenance of a third-party action against an employer, subject to the Act, by a party who has been sued by his employee for personal injuries compensable under the Act.
While indemnity involves some form of contribution, the two are distinguishable. The theory of indemnity holds *Page 127 
the defendant liable for the whole damage (joint tortfeasors in pari delicto) flowing from contract. In contribution the defendant is chargeable only with a ratable proportion based upon equitable factors measured by equality of burden. 41 Am.Jur.2d, Indemnity § 3; 18 Am.Jur.2d Contributions § 2. Contribution, therefore, distributes the loss equally among all tortfeasors; indemnity seeks to transfer the entire loss of one tortfeasor to another who, in equity and justice should bear it. Cf. Herrero v. Alkinson, 227 Cal.App.2d 69, 38 Cal.Rptr. 490, 8 A.L.R.3d 629. The general rule in Alabama, subject to exceptions, prohibits one of several joint tortfeasors from enforcing contribution from the others who participated in the wrong. This is because of the maxim that no man can make his own misconduct the ground for an action in his own favor.Gobble v. Bradford, 226 Ala. 517, 147 So. 619 (1933). And, in the case of indemnity, where joint tortfeasors are equally at fault, i.e. where each is chargeable with active or affirmative negligence contributing to the injury, for which recovery was had, neither is entitled to indemnity from the other, although he may be entitled to contribution. Symons v. Mueller Company,526 F.2d 13 (10th Cir. 1975); 41 Am.Jur.2d, Indemnity § 21; cf.American Southern Insurance Co. v. Dime Taxi Service, Inc.,275 Ala. 51, 151 So.2d 783, on contribution under the doctrine of respondeat superior.
In the case before us, Sherman, charged with active negligence by negligently designing the machine causing Norris' injury, is attempting to implead Gadsden, Norris' employer. This is not permitted. Title 26, § 272, Code of Alabama 1940. This statute provides immunity of the employer from liability for injuries to his employee arising out of the course of employment. While an employer may implead the manufacturer of a defective product causing injuries to his employee, the reverse is not true. Mallory S.S. Co. v. Druhan, 17 Ala. App. 365,84 So. 874 (1920). In Mallory the court stated:
 "While an employer owes the duty to his employ[ee] of refraining from using defective appliances furnished by a third person . . . the primary duty of furnishing safe appliances rests upon the third person, and he must indemnify the employer."
Sherman contends Mallory acknowledges exceptions to the rule that Alabama does not recognize the right of indemnification among joint tortfeasors. However, Sherman overlooks the fact that Mallory also said, "The employer's negligence in failing to inspect is only passive; that of the one furnishing the appliance is active."
This case should proceed, without impleader, under the Alabama Extended Manufacturer's Liability Doctrine, as announced by this court in Casrell v. Altec Industries, Inc. etal., 295 Ala. ___, 335 So.2d 128, 10 A.B.R. 1018, S.C. 1172 (1976). Under this doctrine, a manufacturer who markets a product not reasonably safe when put to its intended use in the usual and customary manner, and causes injury to a user of the product, is negligent as a matter of law. Sherman may, however, avail itself of any of the defenses enumerated in Casrell, and thereby submit its liability to the trier of fact. It may be that Sherman has a complete defense, but it may not implead Gadsden in a third-party claim of indemnity.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur. *Page 128