340 So.2d 749 (1976)
J. M. GUNTER
v.
UNITED STATES FIDELITY & GUARANTY CO.
EMPLOYERS INSURANCE CO. OF ALABAMA
v.
J. M. GUNTER.
SC 1708, SC 1708-A.
Supreme Court of Alabama.
December 3, 1976.
Rehearing Denied January 7, 1977.
Tipler & Fuller, Andalusia, Brantley & Calhoun, Troy, for J. M. Gunter.
Dunn, Porterfield, School & Clark, Birmingham, for Employers Ins. Co. of Alabama.
Robert B. Albritton, Andalusia, for U. S. Fid. & Guar. Co.
FAULKNER, Justice.
This is an appeal from a decree declaring an employer subcontractor and its insurance company liable to the prime contractor and its insurance company. We reverse.
The genesis of this case was June 28, 1954. Then, Royce F. Pierce, an employee of J. M. Gunter, a subcontractor, while on the job, fell from a scaffold erected by Daniel Construction Company, the general contractor. Pierce was seriously injured from the fall, and died several days later. When death came, he was 17 years old.
Young Pierce's father filed a wrongful death action against Daniel, under the provisions *750 of Title 26, § 312, Code of Alabama, for damages for the death of his son. The jury returned a verdict of $45,000 damages. The action was defended by U. S. Fidelity & Guaranty Company, Daniel's insurer. The judgment was reduced to $30,000, and USF&G paid it.
Subsequently, USF&G, as subrogee of Daniel, filed suit against Gunter, Pierce's employer, to recover the amount of the judgment on the basis of the indemnity agreement in the subcontract between Daniel and Gunter. The pertinent portion of that contract follows:
"1. SUBCONTRACTOR'S INSURANCE: The subcontractor will maintain such insurance as will protect him, the contractor and the owner from claims under workmen's compensation acts and any other claims from property damage and the claims for personal injury, including death, which may arise from operations under this contract, whether such operations be by himself or by any of his subcontractors or anyone directly or indirectly employed by either of them.
* * * * * *
"7. INDEMNITY AGREEMENT: The subcontractor covenants to indemnify and save harmless and exonerate the contractor and the owner of and from all liability, claims, and demands for personal injury and property damage arising out of the work undertaken by the subcontractor, its employees, agents, its subcontractors, and arising out of any operation no matter by whom performed for and on behalf of the subcontractor."
After the USF&G subrogation suit against it, Gunter brought a declaratory judgment action against Employers, alleging that Employers was obligated to defend him and pay any judgment in the subrogation action against him.
USF&G amended its complaint against Gunter to assert damages for breach of contract by not providing public liability insurance covering Daniel for the death of Pierce. And, later, USF&G intervened in Gunter's declaratory suit against Employers, asserting a claim against it for the amount paid for damages in the wrongful death action.
The threshold question in this case is whether Gunter, the employer, must indemnify Daniel, the general contractor. The answer to this question is "No."
The wrongful death action against Daniel was based on its active negligence in constructing the scaffold from which young Pierce fell. In this regard, this court said in affirming the trial court:
"There is no dispute that the patent scaffold was actually constructed by the appellant [Daniel]; as was the swinging scaffold. There is evidence, too, from which the jury could find that appellant raised the scaffolds as needed.
"As we see it, we do not have here a case where an employee of an independent subcontractor is injured by an unsafe appliance furnished by such subcontractor. Instead, the general contractor undertook to furnish all of the scaffolding for use by the subcontractor and his employees. And there is evidence from which the jury could find that appellant also undertook the moving and maintaining of the scaffolding where Royce fell.
* * * * * *
"We think there was evidence sufficient to support a finding of appellant's negligence in furnishing and maintaining the scaffolding at the place where Royce fell. That is, the evidence presented a question for the jury as to whether appellant failed to use ordinary care to see that the scaffolding was in a reasonably safe condition for the use of decedent, an invitee, in the manner and to the extent he was invited to use it." Daniel Construction Company v. Pierce, 270 Ala. 522, 120 So.2d 381.
Daniel, charged with active negligence in furnishing and maintaining the scaffold, could not have impleaded Gunter, the employer, in the Pierce wrongful death action. Sherman Concrete Pipe Machinery, Inc. v. Gadsden Concrete & Metal Pipe Co., Inc., Ala., 335 So.2d 125 (1976). It follows that USF&G as Daniel's subrogee is not *751 permitted to have indemnity from Gunter in a subrogation suit. The employer has immunity under the Workmen's Compensation Statute, Title 26, § 272, Code of Alabama, from liability for injuries to his employee arising out of the course of employment. While Gunter, the employer, could seek indemnity against Daniel, the reverse is not true. Sherman.
Having answered the threshold question, we pretermit discussion of any other issues raised in argument or briefs.
This case has been in litigation, in one form or another, since 1954. It is now time to give it an honorable burial.
REVERSED AND RENDERED.
MADDOX, SHORES and BEATTY, JJ., and SIMMONS, Retired Circuit Judge, sitting by designation of the Chief Justice, concur.

ON REHEARING
FAULKNER, Justice.
On rehearing, SIMMONS, Retired Circuit Judge, recuses himself.
THE APPLICATION FOR REHEARING IS OVERRULED.
HEFLIN, C. J., and BLOODWORTH, MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.