In 1970, the Board of Water and Sewer Commissioners of the City of Florence and Paul Krebs and Associates, an engineering firm, advertised for bids on a proposed sewer project. Matthews and Fritts Construction Company was the successful bidder.
Garvin Clemons was an employee of Matthews and Fritts and was injured in the course of his employment. Clemons filed suit against Paul Krebs and Associates and several other defendants. His complaint charged Krebs and others with negligence proximately resulting in his injury. He alleged that Krebs, as engineer over the job and pursuant to contract "had the authority to control the job and all activity on said job."
Subsequent to the filing of this suit, Krebs filed a third-party complaint against Matthews and Fritts, Clemons' employer, claiming indemnity from Matthews and Fritts for any judgment ultimately obtained by Clemons against Krebs. Matthews and Fritts filed a motion for summary judgment against Krebs in the third-party action, based upon depositions, etc. which established without dispute that Matthews and Fritts was the employer of plaintiff Clemons when the accident occurred. As such, Matthews and Fritts claimed immunity from suit by Krebs as a matter of law.
The trial court granted Matthews and Fritts' motion for summary judgment, severed the third-party action, and Krebs appealed from the order granting summary judgment against it.
Squarely presented is whether an employer's statutory immunity from suits on account of injury to employees under §25-5-53, 1975 Code, protects the employer from suits by third parties seeking indemnity (under contractual provisions) from claims arising out of injuries sustained by employees of the same employer.
If the employer is protected by the statute from such suits, then we are not confronted with a case of construction of specific contractual terms, but rather the case is one of statutory construction. *Page 639 
§ 25-5-53, Code 1975 (formerly Title 26, § 272, Code of Alabama 1940, Recompiled 1958), provides:
 ". . . Except as provided in this article and article 2, as the case may be, of this chapter, no employer included within the terms of this chapter . . . shall be held civilly liable for any personal
 injury to or death of any workman who is an employee of the same employer and whose injury or death is due to an accident while engaged in the service or business of the employer, the cause of which accident originates in the employment. . . ." (Emphasis Supplied)
In at least three cases, this court has held that where a third party (here Krebs) is charged with active negligence in the injury of an employee while engaged in his employment, the employer is not subject to suit at the instance of the third party. In Sherman Concrete Pipe Machinery, Inc. v. GadsdenConcrete Metal Pipe Co., Inc., 335 So.2d 125 (Ala. 1976), the employee filed suit against Sherman. Sherman filed a third-party claim against Gadsden (the employer) alleging that its active negligence was the proximate cause of the employee's injury and sought indemnity for any sums that might be adjudged against Sherman. Speaking through Justice Faulkner, the court said:
 ". . . This is not permitted. Title 26, § 272, Code of Alabama 1940. The statute provides immunity of the employer from liability for injuries to his employee arising out of the course of employment. While an employer may implead the manufacturer of a defective product causing injuries to his employee, the reverse is not true. . . ." (335 So.2d at 127)
Sherman did not involve an express contract of indemnity. However, Gunter v. U.S. Fid. Guar. Co., 340 So.2d 749 (Ala. 1976), which did, is to the same effect, as is the recent case of Robins Engineering, Inc. v. Cockrell, 354 So.2d 1 (Ala. 1977), which also involved a contractual indemnity provision.
In Robins Engineering, Inc. v. Cockrell, supra, the court said of Gunter v. U.S. Fid. Guar. Co., supra:
 "In our recent decision, Gunter v. U.S. Fid. and Guar. Co., 340 So.2d 749 (Ala. 1977), a unanimous court held (per Faulkner, J.) that a general contractor, charged with active negligence in furnishing and maintaining a scaffold from which a young workman fell, could not have impleaded the subcontractor (employer of the workman) in the wrongful death action, nor could indemnity be sought from the subcontractor-employee (under an almost identical indemnity agreement as here) because of the latter's immunity under the Workman's Compensation Statute." (354 So.2d at 4)
These decisions are consistent with the language of the legislation. The statute says that no employer shall be held civilly liable for injuries to workmen injured in the course of his employment. To allow a third-party tort-feasor to recover over against the employer for injury to an employee would be to allow indirectly what is prohibited directly.
Neither of these three recent cases mentioned Eley v.Brunner-Lay Southern Corp., Inc., decided by this court in 1972. 289 Ala. 120, 266 So.2d 276. That case held that provisions in a lease of a drilling machine, which obligated the lessee (employer) to indemnify the lessor in the event of a negligence suit by the lessee's employee against the lessor, did not contravene the Workmen's Compensation Act. The court held that the alleged tort-feasor (the lessor) could maintain an action on the indemnity provisions of the lease over against the lessee (employer) if the injured employee were successful in his suit for damages against the lessor.
Gunter v. U.S. Fid. Guar. Co., supra, is in direct conflict with Eley and, thus, must be acknowledged to have overruledEley to the extent that Eley held that the suit of an alleged tort-feasor against an employer on a contractual indemnity provision was not barred by the Workmen's Compensation Act. Indemnity provisions in construction *Page 640 
contracts are becoming commonplace. Courts are increasingly being called upon to decide whether such provisions allow suits by third parties against employers where the third party is charged with negligently injuring an employee of the employer. See: 2A Larson Workmen's Compensation Law, § 76.41. Some courts have held that the language of the Workmen's Compensation Acts is broad enough to preclude such suits; others have decided otherwise. The Court of Appeals of New Mexico, for example, inGulf Oil Corp. v. Rota-Cone Field Operating Co., 84 N.M. 483,505 P.2d 78 (1972), held that an employer which had voluntarily agreed to indemnify a third party against whom the administrator of a deceased workman filed a wrongful death action was not liable under the indemnity agreement; because to so hold would subject the employer to liability for injury or death and a workman in addition to benefits allowed in the Workmen's Compensation Act.
We believe our statute compels this result. § 25-5-53 says that no employer (under the Workmen's Compensation Act) "shall be held civilly liable" for personal injuries to workmen. Krebs would have us engraft an exception to this language which would permit a civil suit against the employer where the employer agrees to indemnify a third-party tort-feasor sued for causing the injury to the employee. This writes into the legislation an exception which is not there.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.