On December 10, 1974, pursuant to a request from Crown, Redwing delivered gasoline to a Crown station. While filling one of the storage tanks, a tank overflowed, and fumes were ignited by a concealed pilot light on a space heater in the station. Stephenson, a Crown employee, was severely burned and brought suit against Redwing. The suit was settled for $87,500.00, and Redwing brought suit in Montgomery County Circuit Court seeking indemnity or contribution from the employer, Crown. Crown's motion to dismiss was granted, and Redwing appeals. We affirm.
In seeking indemnity or contribution from Crown, Redwing alleged active negligence in Crown's breach (through its agent) of its duty to have its premises in a reasonably safe condition and to provide Redwing's driver with proper assistance and instructions and contends that its own driver was, at most, guilty of passive negligence. However, Redwing's attempt to distinguish this case from Sherman Concrete Pipe Machinery,Inc. v. Gadsden Concrete Metal Pipe Co., Inc., 335 So.2d 125
(Ala.Sup.Ct. 1976) and Gunter v. United States Fidelity Guaranty Co., 340 So.2d 749 (Ala.Sup.Ct. 1976) is no longer viable in light of this court's recent decision, Paul Krebs Associates v. Matthews Fritts Construction Co., Inc.,356 So.2d 638 (Ala.Sup.Ct. 1978). There we held as a matter of statutory construction that under Tit. 26, § 272, Code of Ala. 1940 (Recomp. 1958), ". . . no employer shall be held civilly liable for injuries to workmen injured in the course of his employment. To allow a third-party tort-feasor to recover over against the employer for injury to an employee would be to allow indirectly what is prohibited directly."
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur. *Page 1205