This is an appeal, under authority of a Rule 54 (b) determination, from a summary judgment dismissing Hertz's third-party suit for indemnification against Dravo. We affirm.
The third party complaint arises out of a suit filed by Raymond Lawhorn against General Motors Corporation and Hertz for negligence and breach of warranties to recover damages for personal injuries incurred when a clutch assembly of a dump truck "exploded" while being operated by Lawhorn. Lawhorn was employed by Dravo which leased the dump truck from Hertz. The lease agreement provides that Dravo will indemnify or hold harmless Hertz with regard to any claim for property damage or personal injuries instituted against Hertz.
The issue is whether § 25-5-53, Code of Alabama 1975, bars the suit against Dravo because, as the employer of Lawhorn, Dravo is civilly immune from such suits. Hertz relies on the specificity of the applicable language in the lease agreement and the case of Eley v. Brunner-Lay Southern Corporation, Inc.,289 Ala. 120, 266 So.2d 276 (1972).
Our recent case of Paul Krebs Assoc. v. Matthews and FrittsConst. Co., Inc., 356 So.2d 638 (Ala., 1978), expressly overruled the Eley case and is dispositive of the issue raised herein.
As an alternative, Hertz argues that the decisions of this court prohibiting such third-party suits against the employer — Krebs, supra, and cases cited therein — deprive Hertz of remedies in violation of Art. I, § 10, and § 13 of the Alabama Constitution and due process clause of the Fourteenth Amendment of the United States Constitution. Hertz cites SunspanEngineering Construction Co. v. Spring-Lock Scaffolding Co.,310 So.2d 4 (Fla., 1975), and Carlson v. Smogard, 298 Minn. 362, 215 N.W.2d 615 (1974) for authority.
There is no duty owing Hertz by Dravo which would give rise to a tort claim, for the rule in Alabama is that one of several joint tort-feasors cannot enforce contribution from other tort-feasors. Sherman Concrete Pipe Machinery, Inc. v. GadsdenConcrete and Metal Pipe Co., Inc., 335 So.2d 125 (Ala., 1976);Gobble v. Bradford, 226 Ala. 517, 147 So. 619 (1933). The right to indemnity from Dravo is founded on a contractual duty which is unenforceable as violative of a legislative enactment.Krebs, supra, and cases cited therein.
The right to indemnification that Hertz claims that deprivation of which would violate § 10 and § 13 of our constitution is not a cause of action and remedy preserved by our constitution. See the Grantham trilogy (Grantham v. Denke),359 So.2d 785 (Ala., 1978), and Pipkin v. Southern Electricaland Pipefitting Company, Inc., 358 So.2d 1015 (Ala., 1978). To permit indemnification of Dravo in this case would allow Hertz to create a cause of action by contract, causing Dravo, the employer that paid workmen's compensation benefits to Lawhorn, to again pay damages for the same injury; something not permitted under Alabama law.
Thus, Dravo owes Hertz no legal duty upon which Hertz may sue. We reject the constitutional challenge.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, JONES and EMBRY, JJ., concur. *Page 327