Stauffer Chemical Company appealed a judgment of the Circuit Court of Mobile County dismissing Stauffer's third-party complaint against McIntyre Electric Service, Inc. After Stauffer was sued by an employee of McIntyre, for injuries allegedly sustained on Stauffer's premises, Stauffer brought a third-party complaint against McIntyre. Stauffer sought indemnification from McIntyre pursuant to a hold harmless agreement entered into by McIntyre with Stauffer. McIntyre filed a motion to dismiss the third party complaint, and later moved to have its motion to dismiss treated as one for summary judgment. The trial court granted summary judgment in favor of McIntyre, and pursuant to Rule 54 (b), Alabama Rules of Civil Procedure, entered final judgment in favor of McIntyre.
This is another in a line of cases to come before this court in recent years testing the perimeter of the immunity provided by our workmen's compensation statute, to an employer in regard to injuries to an employee. The issue on this appeal was considered by this court in Paul Krebs Associates v. Matthews Fritts Const., 356 So.2d 638 (Ala. 1978). There the court considered "whether an employer's statutory immunity from suits on account of injury to employees under § 25-5-53, 1975 Code, protects the employer from suits by third parties seeking indemnity (under contractual provisions) from claims arising out of injuries sustained by employees of the same employer." This court answered in the affirmative and held that an employer would not be held liable. Paul Krebs Associates.
Stauffer next argues that Alabama's workmen's compensation law, Code 1975, § 25-5-1, et seq., deprives it of a remedy for its injury suffered by breach of the hold harmless agreement between it and McIntyre. This, Stauffer contends, violates Ala. Const. 1901, art. I, § 13. In Hertz Equipment Rental Corp.v. Dravo Corp., 360 So.2d 325, 326 (Ala. 1978), this court held that "the right to indemnification . . . is not a cause of action and remedy preserved by our constitution."
In light of the unequivocal pronouncements in Paul Krebs Associates and Hertz, we are bound to uphold the judgment of the trial court.
Affirmed.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.