Union Camp Corporation appeals from a summary judgment granted in favor of third-party defendant McAbee Construction Company.
On January 11, 1982, Union Camp and McAbee entered into a contract whereby McAbee contracted to clean steel tanks owned by Union Camp. The contract included an indemnity and waiver provision, set forth as follows:
 "5. Contractor at all times will indemnify, release, protect, defend and hold Owner, its representatives and agents, harmless from and against any and all loss, liability, expenses, claims or demands arising from bodily injury (including death at any time resulting therefrom) or property damage to any person, including but not limited to Contractor, Subcontractors or Owner, its representatives and agents, and employees of Contractor, Subcontractor or Owner, its representatives and agents, occurring as a direct or indirect result of, or in any manner connected with the performance of this Contract, whether such injury or damage shall be caused by the negligence of Contractor, Contractor's employees, Contractor's subcontractors, or employees of any Contractor's subcontractors hereunder, or Owner's representatives and agent's contributory negligence, and Contractor shall at its expense defend any and all actions based thereon and shall pay all charges of attorneys and all costs and other expenses arising therefrom. The Contractor, in a claim hereunder by the Owner, its agents, officers, directors, employees and assigns, hereby waives any defenses or immunities it may have or assert under the Workmen's Compensation Laws of Alabama and consents to a cause of action for contribution or indemnity and consents to pay any claim, settlement or judgment as is attributable to the Contractor's or its Subcontractor's sole or partial negligence. . . ."
James Hamner, an employee of McAbee, was injured while cleaning one of Union Camp's steel tanks. Hamner and his wife filed a personal injury action against Union Camp and several other defendants, alleging that he was injured in the line and scope of his employment, as a result of the negligence of Union Camp, while working on Union Camp's premises.
Subsequently, Union Camp filed a third-party complaint against McAbee, Hamner's employer. The complaint sought indemnity, in accordance with the contract, for any judgment ultimately obtained by Hamner against Union Camp.
Union Camp filed a motion for summary judgment against McAbee, based upon the waiver and indemnification clause of the contract. McAbee thereafter filed a motion to dismiss the third-party complaint. Upon hearing the motions, the trial court treated McAbee's motion to dismiss as a motion for summary judgment, and granted summary judgment in favor of McAbee. Union Camp appeals.
The issue presented is whether a contractual provision which allows third-party indemnity and waiver of an employer's statutory immunity under the workmen's compensation statute, is a violation of the mandates of the Workmen's Compensation Act.
We affirm on the authority of Paul Krebs Associates v.Matthews Fritts Construction Co., 356 So.2d 638 (Ala. 1978). In Paul Krebs, this court answered in the affirmative the issue of "whether an employer's statutory immunity from suits on account of injury to employees under [the workmen's compensation statute] protects the employer from suits by third parties seeking indemnity (under contractual *Page 392 
provisions) from claims arising out of injuries sustained by employees of the same employer." The court emphatically held that employers were protected by statute from such suits and found that an employer would therefore not be held liable. PaulKrebs, supra. See also, Stauffer Chemical Co., Inc. v. McIntyreElectric Service, Inc., 401 So.2d 745 (Ala. 1981).
Union Camp argues that in this case McAbee waived its rights under the workmen's compensation statute, and, therefore, thatPaul Krebs does not apply. We disagree. Paul Krebs
unequivocally states:
 "The [Workmen's Compensation] statute says that no employer shall be held civilly liable for injuries to workmen injured in the course of his employment. To allow a third party tort-feasor to recover over against the employer for injury to an employee would be to allow indirectly what is prohibited directly."
In this case Union Camp is attempting to circumvent the mandates of Paul Krebs and to bypass the protective provisions of the workmen's compensation statute. This we cannot allow. Accordingly, we uphold the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.