PER CURIAM.
The plaintiff, Carolyn Morrison Cunningham, appeals from a summary judgment entered in favor of the defendants Charles Stern and Lawrence Bailey in a personal injury action against co-employees brought pursuant to Ala. Code 1975, § 25-5-11.
Cunningham was injured while operating a punch press during the line and scope of her employment with Harsco, Inc., doing business as the Taylor Wharton Company, in Mobile. Louis Drottner, press designer for the manufacturer of the press, testified in his deposition that the press was manufactured and sold with a selector switch by which the user could select either palm press buttons or a foot pedal device to activate the press. Drottner further testified that the press was sold with a dual hand activation system, but that the press was not sold with a foot pedal activation device or a safety bracelet system. At the time of the accident, .the dual hand activation system had been disengaged and a foot pedal activation device was being used to activate the press. A safety bracelet system was also attached to the press. The safety bracelet system is designed to pull the press operator’s hands away from the pinch point of the press as the ram of the press descends. Cunningham was wearing the safety bracelets at the time of the accident, but the bracelets failed to pull her hands back to prevent her injury.
Lawrence Bailey was Cunningham’s immediate supervisor, and Charles Stern was Bailey’s supervisor. Bailey was responsible for setting up the press Cunningham was operating at the time of the accident, and he was responsible for making sure the safety bracelets were adjusted properly for each employee who operated the press. Stern was responsible for seeing that the production schedule was met and for the safety of the employees in his department at Taylor Wharton.
Cunningham argues that there is a genuine issue of material fact as to whether Bailey and Stern had removed a safety device from the press and are therefore liable under the provisions of Ala.Code 1975, § 25-5-11(c)(2). In Harris v. Gill, 585 So.2d 831 (Ala.1991), this Court held that the act of bypassing the palm control buttons on a press constitutes a removal of a safety device within the meaning of § 25 — 5—11(c)(2). This Court concluded in Harris that even though neither of the co-employees was present at the time of the accident, the co-employees’ relationship with the plaintiff was in a supervisory capacity; the co-employees were familiar with the press, the palm control buttons, and the alternative foot control; the co-employees had observed the press in operation at the plant; they were aware that when the alternative foot control was being used, the palm control buttons could not be activated; and the co-employees knew or should have known that the safety device had been by-passed and, therefore, posed a safety risk for co-employees who used the press. In that ease, one co-employee testified that, based upon his education and background, he thought the palm button activating device was the safer activating device and that before the accident he was aware that accidents involving press operators’ hands near the press pinch area had occurred in industrial plants. The other co-employee testified that the palm buttons are a good safety device on presses, but that there are other safety devices; he also testified that there were no other safety devices at the employee’s plant that would keep the press operator’s hands away from the press when it was activated and that he was aware that if a press operator’s hands are not on the palm buttons and are near the pinch press area, there is a possibility that a finger can be amputated.
This case is similar to Harris in that Bailey and Stern’s relationship with Cunningham was in a supervisory capacity; they were familiar with the press, the palm control buttons, and the alternative foot control; they had observed the press in operation at the plant; they were aware that when the alternative foot control was being used the palm control buttons could not be activated; and one might find that they knew or should have known that the safety device had been *578 by-passed and, therefore, posed a safety risk for co-employees who used the press. Bailey testified that when he first saw the press the dual palm buttons were installed on the press, but were not connected, that the press was set up to be activated with a foot pedal, and that the press was equipped with the safety bracelet system. Stem testified in his deposition that “they had been using the foot pedal for years”; that the palm buttons “were not wired”; and that the palm buttons are a safety device.
Bailey and Stern attempt to distinguish this case from Harris on the ground that the safety bracelet system was added to the press. However, we conclude that there is a jury question as to whether the addition of the safety bracelets rendered the palm control activating device unnecessary.
On the authority of Harris, the summary judgment in this case is reversed.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.