These appeals are from a judgment declaring that the plaintiff insurer is not obligated to provide coverage for the acts alleged in an underlying tort action. One appeal questions whether the trial court erred in holding applicable a provision in the insurance policy excluding coverage for injuries "expected or intended from the standpoint of the insured." The other appeal questions whether the trial court erred in holding that a party who had contracted for indemnity from the insured was not entitled to coverage as an additional insured, because of cases holding that indemnity contracts such as the one at issue are void.
James Larry Haisten was an employee of Bunt Construction Company; he died when a trench collapsed on him while he was working. Bunt Construction was insured by Audubon Indemnity Company under a commercial general liability policy. The work in which Bunt Construction was engaged when Haisten died was a sewer project for the City of Cullman. J.E. O'Toole Engineering Company was the engineer for the project. The contract for the project required Bunt to maintain liability insurance and to "indemnify and save harmless the Owner and Engineer."
Mr. Haisten's widow, as administratrix of his estate, brought an action against James H. Bunt, the owner of Bunt Construction. She alleged that Bunt, as a co-employee of Haisten's, had willfully removed a safety device from the trench and had willfully violated a written safety rule and that those willful actions had caused Mr. Haisten's death. By these allegations she sought to come under the provisions of §§ 25-5-11(c)(2) and -(c)(4), respectively, which allow recovery against co-employees for the injurious conduct defined therein as "willful conduct." Her action also sought recovery from O'Toole Engineering based on what she alleged to be wrongful conduct causing or contributing to the trench collapse.
Audubon thereupon brought an action seeking a declaration that Bunt Construction's policy of insurance provided no coverage to either James H. Bunt or O'Toole *Page 406 
Engineering for the acts alleged in Mrs. Haisten's complaint. As to the claims against Mr. Bunt, Audubon asserted that, because Mrs. Haisten could recover only if she proved "willful conduct" as defined in § 25-5-11(c), any recovery would necessarily be excluded from coverage, because the policy does not cover injuries "expected or intended from the standpoint of the insured."
The circuit court, in agreeing with this argument, treated the claims as falling under § 25-5-11(c)(1), which defines "willful conduct" as "A purpose or intent or design to injure another. . . ." The circuit court appears to have read Reed v.Brunson, 527 So.2d 102, 119 (Ala. 1988), as incorporating this portion of § 25-5-11(c)(1) into -(c)(2) and -(c)(4). Section25-5-11(c)(2) provides, in pertinent part:
 "['Willful conduct' means] [t]he willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from the removal. . . ."
Section 25-5-11(c)(4) provides, in part:
 "['Willful conduct' means] [w]illful and intentional violation of a specific written safety rule of the employer after written notice to the violating employee by another employee who, within six months after the date of receipt of the written notice, suffers injury resulting in death or permanent total disability as a proximate result of the willful and intentional violation."
After discussing Reed v. Brunson and other cases, the trial court concluded:
 "All of the above cases make it clear that in order for Elizabeth Haisten to recover against James H. Bunt, she must allege and prove to the reasonable satisfaction of the trier of fact that it was James H. Bunt's design, intent and purpose to inflict injury and death on Haisten. Otherwise, James H. Bunt is immune from the claims asserted by Elizabeth Haisten under § 25-5-11.
 "It is not possible for Elizabeth Haisten to allege and seek to prove that James H. Bunt conscientiously [sic] pursued a course of conduct with the design, intent and purpose of inflicting injury on Haisten in the underlying lawsuit and at the same time allege and seek to prove in the present case that the bodily injuries resulting in Haisten's death were not bodily injuries expected or intended from the standpoint of James H. Bunt.
 "In other words, Elizabeth Haisten can only recover against James H. Bunt if she alleges and proves willful conduct (the design, intent and purpose to inflict injury by Bunt); such proof would have the effect of excluding coverage for such liability by Audubon."
This conclusion is a misreading of the separate fields of operation of § 25-5-11(c)(1), -(c)(2), and -(c)(4). As shown by the above quotations, neither -(c)(2) nor -(c)(4) requires a purpose, intent, or design to injure. See, e.g., Harris v.Gill, 585 So.2d 831 (Ala. 1991); Pressley v. Wiltz, 565 So.2d 26
(Ala. 1990); Bailey v. Hogg, 547 So.2d 498 (Ala. 1989). Subsection -(c)(2) requires "willful and intentional removal . . . of a . . . safety device . . . with knowledge that injury or death would likely or probably result." Subsection -(c)(4) requires "[w]illful and intentional violation of a . . . safety rule" after notice of prior violations.
This Court has consistently interpreted insurance exclusions phrased exactly like the one at issue here, excluding coverage for injuries "expected or intended from the standpoint of the insured," as requiring a subjective analysis of what the insured expected or intended.
 "Under this subjective test, an injury is 'intended from the standpoint of the insured' if the insured possessed the specific intent to cause bodily injury to another, whereas an injury is 'expected from the standpoint of the insured' if the insured subjectively possessed a high degree of certainty that bodily injury to another would result from his or her act. See Continental Western Ins. Co. v. Toal, [309 Minn. 169] 244 N.W.2d 121, 125 (Minn. 1976), for a thorough discussion of the proper standard used to interpret this policy exclusion." *Page 407 
Alabama Farm Bureau Mut. Cas. Ins. Co. v. Dyer, 454 So.2d 921,925 (Ala. 1984), State Farm Fire Cas. Co. v. Davis,612 So.2d 458 (Ala. 1993); White v. Maryland Cas. Co., 589 So.2d 1294
(Ala. 1991); United States Fidelity Guar. Co. v. Armstrong,479 So.2d 1164 (Ala. 1985); Allstate Ins. Co. v. Portis,472 So.2d 997 (Ala. 1985); Allstate Ins. Co. v. Shirah,466 So.2d 940 (Ala. 1985); Watson v. Alabama Farm Bureau Mut. Cas. Ins.Co., 465 So.2d 394 (Ala. 1985); Boyd v. Great Central Ins. Co.,401 So.2d 19 (Ala. 1981); Smith v. North River Ins. Co.,360 So.2d 313 (Ala. 1978); Hartford Fire Ins. Co. v. Blakeney,340 So.2d 754 (Ala. 1976).
While the circuit court may be correct in holding that a recovery under § 25-5-11(c)(1) would preclude a finding that injury was not expected or intended from the standpoint of the insured, that question is not presented in this case, because Mrs. Haisten has not sought recovery under subsection -(c)(1). Subsection -(c)(2) at least arguably allows recovery under a finding that a reasonable person had or should have had "knowledge that injury or death would likely or probably result," even if the defendant co-employee did not subjectively expect or intend to cause injury. Subsection -(c)(4) does not require an intent to injure or an expectation of injury on the part of the offending employee; it requires only that the notice of the violation state "[t]hat the violation places the notifying employee at risk of great injury or death." Under either of these provisions, the offending employee could subjectively believe that the safety device or rule was ineffectual or unnecessary and that no harm would come from the removal of the device or from the violation of the rule, and yet be liable under an objective standard. In such a case, the exclusion of injuries "expected or intended from the standpoint of the insured" would not exclude coverage.
Thus, the trial court erred in holding that the exclusion would necessarily apply if Mrs. Haisten is able to prove her claims. We express no opinion on the merits of the underlying claims,[1] because those claims are not before us. The judgment is due to be reversed insofar as it holds that the exclusion of injuries "expected or intended from the standpoint of the insured" necessarily precludes coverage of the claims against James H. Bunt.
The issue raised in O'Toole Engineering's appeal has been decided by Goodyear Tire Rubber Co. v. J.M. Tull Metals Co.,629 So.2d 633 (Ala. 1993). The circuit court, in holding that the indemnity agreement between O'Toole Engineering and Bunt Construction was void and that O'Toole Engineering therefor was not entitled to coverage, relied on Paul Krebs Assocs. v.Matthews Fritts Constr. Co., 356 So.2d 638 (Ala. 1978);Stauffer Chemical Co. v. McIntyre Elec. Serv. Co.,401 So.2d 745 (Ala. 1981); and Union Camp Corp. v. McAbee Constr. Co.,465 So.2d 390 (Ala. 1985). After the circuit court entered its declaratory judgment, however, this Court overruled those three cases in Goodyear Tire. Under the holding in GoodyearTire, O'Toole Engineering's contract of indemnity with Bunt Construction is not void. Audubon Indemnity also argues that O'Toole Engineering is not an additional insured under the policy, but we decline to affirm on that ground. The trial court did not decide that question, and we are not prepared to say, based on the record before us, that as a matter of law O'Toole Engineering is not an additional insured under the policy. Even if it is not, it will presumably be entitled to a recovery from Bunt Construction, the named insured. Thus, because the indemnity contract is enforceable, pursuant toGoodyear Tire, coverage should be available to O'Toole Engineering, whether directly as an additional insured or indirectly through a recovery against Bunt Construction.
For the foregoing reasons, the judgment is reversed, and the cause is remanded.
1921326 — REVERSED AND REMANDED.
1921378 — REVERSED AND REMANDED. *Page 408 
HORNSBY, C.J., and SHORES, HOUSTON, KENNEDY and INGRAM, JJ., concur.
[1] We do note that the holding in Mallisham v. Kiker,630 So.2d 420 (Ala. 1993), may well preclude recovery under §25-5-11(c)(2).