ALMON, Justice.
The plaintiff, Thompson Jackson appeals a summary judgment entered in favor of David Hill, a co-employee, in Jackson’s áction alleging the willful removal of a safety device from a machine. This action was brought under Ala.Code 1975, § 25-5-ll(c). Jackson was injured while operating an abrasive planer, a type of wood sanding machine, from which a safety shut-off bar and cables had been removed. The issue is whether Jackson presented substantial evidence that his supervising co-employee, Hill, knew that the safety device had been removed from the abrasive planer and, with that knowledge, instructed Jackson to operate the machine anyway.
The facts, viewed most favorably to Jackson, are as follows. Jackson was employed by Victorian Classics, Inc., to do maintenance work. On certain occasions Jackson would be instructed to operate machinery to help meet production quotas. David Hill was the supervisor of the stockroom where the planer was located, and it was his responsibility to see that all machines in the stockroom were properly maintained. Hill had previously trained Jackson to operate the planer.
Jackson was not allowed to turn on the planer, but had to get Hill to turn it on. On *918 the day of the accident, Hill came over to the machine, turned it on, and instructed Jackson to operate it. Jackson was injured when two of his fingers were caught between a “no-go” bar[1] and the piece of wood that he was attempting to run through the planer. After Jackson’s fingers were caught in the machine, either he or another worker reached a red power shut-off switch and turned the machine off. Jackson suffered injuries to two of his fingers.
It is undisputed that at the time of Jackson’s injury the yellow shut-off bar and cables that served as emergency switches were not on the machine. These safety devices were on the floor under the planer. Jackson testified in deposition that he did not know that the yellow bar and cables were safety devices and that they had been off of the machine for over two months.
Jackson’s expert witness expressed the opinion that Jackson’s injuries would have been less severe if the yellow bar and cables had been on the machine. Jackson’s theory is that if the bar and cables had been on the machine the machine could have been shut down quicker and the extent of the injuries lessened.
Hill moved for a summary judgment, asserting that there was no evidence that he had removed the safety devices from the planer. Hill also argues in his brief that the fact that Jackson did not know that the bar and cables were safety devices precludes his recovery because, Hill says, even if they had been on the machine Jackson would not have used them. The circuit court entered a summary judgment for Hill. Jackson appeals.
In Harris v. Gill, 585 So.2d 831 (Ala.1991), this Court addressed an issue similar to the issue presented in this case. In Harris the plaintiff alleged that two defendant co-employees had known that a safety device had been removed from the machine that injured him. This Court stated:
“In Creel v. Bridewell, 535 So.2d 95, 97 (Ala.1988), this Court held that ‘[a] duty to provide co-employees with a safe workplace naturally encompasses a duty to provide co-employees with machines that function properly and safely.’ Although it is undisputed that neither Moore nor Gill was present in the plant at the time of the accident, the record in this case contains evidence that Gill and Moore’s relationship with Harris was in a supervisory capacity; that they were familiar with the punch press, the palm control buttons, and the alternative foot control; that they had observed the press in operation at the plant; that they were aware that when the alternative foot control was being used, the palm control buttons could not be activated; and that they knew or should have known that the safety device had been bypassed and, therefore, posed a safety risk for co-employees, such as Harris, who used it.”
Harris, 585 So.2d at 837 (emphasis added).
In the present case Hill admitted that the yellow bar and cables were safety devices. He admitted that he was responsible for making sure that all of the machines in his department were operating correctly. He also admitted that at the time of the accident the safety devices were not on the planer. However, Hill contends that he did not know that the safety devices were not on the machine, and he contends that Jackson failed to present substantial evidence that Hill had removed the safety devices.
In response to Hill’s argument, Jackson stated that Hill was responsible for providing a safe workplace and that Hill walked over, turned on the machine, and instructed Jackson to operate it. Jackson also submitted evidence that Hill could easily see the planer from his work station. Thus, Jackson did present substantial evidence from which a jury could find that Hill knew or should have known that the safety devices had been removed from the planer and that Jackson could be injured by operating the machine. Harris, supra.
We also reject Hill’s contention that because Jackson did not know that the yellow *919 bar and cables were safety devices he cannot recover because he would not have used the bar or cables had they been on the machine. If anything, the evidence that Hill did not know that these items were safety devices goes to show that Hill did not properly train and instruct Jackson on the operation of the machine. Certainly, it was not the intention of the legislature to allow supervisors to fail to inform employees about safety devices so that the supervisors could remove them and then not be responsible for injuries resulting from the removal.
Accordingly, Hill was not entitled to a summary judgment. The summary judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, INGRAM and BUTTS, JJ., concur.

. The "no-go" bar was a metal bar apparently intended to keep an operator’s fingers from entering into the operating area of the planer.