YATES, Presiding Judge,
dissenting.
I believe the majority has too narrowly read the definition of “manufacturer” in Hams v. Gill, 585 So.2d 831 (Ala.1991) and their interpretation defeats the beneficent purposes of the Alabama Workers’ Compensation Act.
Cunningham, v. Stem, 628 So.2d 576 (Ala.1993), involved an appeal from a summary judgment in favor of two co-employees. In Cunningham, the manufacturer of the press testified that the press was sold with a selector switch by which the user could select either palm press buttons or a foot pedal device to activate the press. He also stated that the press was not sold with a foot pedal activation device or a safety bracelet system. At the time of the accident, the hand activation device had been disengaged and a foot pedal activation device was being used to activate the press. A safety bracelet device had also been added. The worker was injured when the safety bracelets she was wearing failed to work properly. The co-employees attempted to distinguish the case from Harris on the grounds that the safety bracelet system was added to the press. However, the supreme court concluded that there was a jury question as to whether the addition of the safety bracelets rendered the palm control activating device unnecessary, and reversed the summary judgment.
In the present case, I conclude that the addition of the safety device, i.e., the light curtain, in a punch press to turn off a machine so as to prevent an injury, was a material alteration to the punch press. The purpose of § 25-5-11 is to provide employees with a cause of action against co-employees for*their willful conduct. To hold, for purposes of § 25-5-11, that the light curtain was not provided by a “manufacturer” of the machine would go against the beneficent purposes of the Alabama Workers’ Compensation Act.
The next issue is whether the light curtain was removed from the press. Murray presented evidence from another employee indicating that the light curtain had been disconnected at least a week before Murray was injured. This same employee also stated to plant manager Manz and manufacturing manager Butler on the day of the accident that someone could be seriously injured if they did not stop running the press without the light curtain. There was also evidence indicating that Butler had disconnected the light curtain. Plant engineer Pidwerbecki was in charge of making sure that everything on the press operated *924 properly. In Moore v. Reeves, 589 So.2d 173 (Ala.1991), the supreme court held that a worker’s supervisors could be hable for failing to repair a safety device because “to hold otherwise would allow supervisory employees to neglect the maintenance and repair of safety equipment provided to protect co-employees from injury, which by its very nature is a clear violation of public policy.” 589 So.2d at 178-79. See also Jackson v. Hill, 670 So.2d 917 (Ala.1995)(supervisor not entitled to summary judgment where there was an issue of fact as whether he knew or should have known that safety device had been removed); Cunningham, supra, (plant safety manager and co-employee in charge of making sure safety device was properly adjusted to operator of press were not entitled to summary judgment where there was a fact question whether they knew or should have known, by virtue of their supervisory position, that safety device had been by-passed).
Murray presented evidence indicating that the light curtain was disconnected because occasionally oil spilled on the light curtain, breaking the beam and shutting off the press. There was also evidence indicating that the floor had vibrations that caused the light beam to break. When the press shut down, production was interrupted. I, therefore, conclude that Murray presented sufficient evidence indicating that the light curtain had been “removed” as the term has been defined by the courts. Harris, supra; Moore, supra.
The next issue is whether the three defendants knew that injury would result or likely result if the light curtain was disconnected. At least one employee stated on the day of the accident to Manz and Butler that someone could be hurt if they continued to operate the press without the light curtain. Moreover, § 25-5-ll(c)(2) allows recovery under a finding that “a reasonable person had or should have had ‘knowledge that injury or death would likely or probably result.’ ” Haisten v. Audubon Indem. Co., 642 So.2d 404, 407 (Ala.1994). All three of the defendants were in supervisory positions and knew or should have known that disconnecting a safety device on a punch press that was intended to prevent the jaws of the press from operating when something blocked the light beam would likely or probably result in injury.
The last issue is whether the light curtain was disconnected as part of a modification or improvement because it was no longer necessary as a safety device. Murray presented evidence indicating that the light curtain had been disconnected because production was interrupted when the press turned off because of oil or vibrations. There was no evidence that the light curtain had been disconnected because another safety device to prevent injury had been installed in its place.
Viewing the evidence in a light most favorable to Murray, I believe that the trial court erred in entering the summary judgment in favor of the defendants.